UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BILLOCK, | ) | CASE NO. 4:11-cv-02394 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| JOHN M. KUIVILA, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court upon the unopposed motion (Doc. No. 14) of Defendant Chief John M. Kuivila to strike or, in the alternative, dismiss Plaintiff Timothy Billock's amended complaint (Doc. No. 11). For the reasons that follow, Defendant's motion to dismiss is GRANTED, and Defendant's motion to strike is DENIED AS MOOT.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Without seeking leave of Court, Plaintiff filed his amended complaint on June 29, 2012. Therein, Plaintiff asserts malicious prosecution claims against Defendant in both his individual and official capacities under 42 U.S.C. § 1983 and Ohio common law. (Am. Compl. ¶ 5.)[1] The following background consists of the relevant allegations made by Plaintiff in his amended complaint.

---

[1] The Complaint does not clearly delineate Billock's causes of action. Paragraph 5 reads, "[t]his proceeding is brought to seek damages pursuant to 42 U.S.C. § 1983 and under the common law of malicious prosecution as exists in the state of Ohio. Plaintiff has been deprived of his rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution as well as the protections afforded by the

1

In 2009, Plaintiff Timothy Billock was a certified police officer who lived in Newton Falls, Ohio (*Id.* at ¶ 6) and worked as a deputy at the Trumbull County Sheriff's office (*Id.* at ¶ 1). At that same time, Defendant John M. Kuivila was the Chief of the Newton Falls Police Department. (*Id.* at ¶ 2.)

On July 16, 2009, Plaintiff alleges that he attempted to stop and warn a motorist who was driving at a high rate of speed after dark, without headlights, down the street on which Plaintiff lived. (*Id.* at ¶ 6.) After identifying himself as a police officer to the driver and issuing a warning, Plaintiff claims that the driver grabbed Plaintiff's arm and "sped off at a high rate of speed." (*Id.* at ¶ 7.) In an effort to protect himself from death or serious bodily injury, Plaintiff discharged a firearm in an attempt to strike one of the vehicle's tires. (*Id.*) In response, the driver let go of Plaintiff's arm, and Plaintiff rolled to the ground. (*Id.*) Plaintiff's Sheriff's badge was later found in the car. (*Id.*)

Within hours of the incident, Plaintiff alleges that Defendant interviewed the driver as part of an investigation into allegations that Plaintiff acted illegally in stopping the vehicle and the ensuing confrontation. (*Id.* at ¶ 9.) Plaintiff claims that, during the interview, Defendant ignored statements that would have exonerated Plaintiff and implicated the driver, assuring the driver that he was seeking only information related to Plaintiff's behavior and not interested in prosecuting the driver. (*Id.* at ¶¶ 9–10.) Plaintiff asserts that Defendant, continuing his investigation over the course of ten days, and with full knowledge that Plaintiff was innocent of any wrongdoing, interviewed additional witnesses, repeatedly ignoring statements in Plaintiff's favor. (*Id.* at ¶¶ 8, 11.)

---

common law of Ohio." Nothing in the complaint suggests that Plaintiff is asserting any additional claims under § 1983 other than malicious prosecution.

Plaintiff claims that Defendant, at the end of his investigation, personally requested that plaintiff be charged with unlawful discharge of a firearm (*Id.* at ¶ 11), and Plaintiff was indeed arrested and charged (*Id.* at ¶ 13). The driver of the automobile was not charged with any offense. (*Id.* at ¶ 12.) Plaintiff alleges that Defendant directly influenced and assisted Plaintiff's charging and subsequent prosecution. (*Id.* at ¶ 13.) Plaintiff states that, as a result of the charges, he was stripped of his police powers and lost his job with the Newton Falls Police Department. (*Id.* at ¶ 12.)[2] Plaintiff's case proceeded to a bench trial, and Plaintiff was acquitted of all charges on December 11, 2009. (*Id.* at ¶ 13.)

Prior to the instant case, Plaintiff brought suit in this Court on July 7, 2010 against Chief Kuivila, the City of Newton Falls (the "City"), and the Newton Falls Police Department (the "Police Department"), asserting § 1983 and state law malicious prosecution claims. Compl., *Billock v. Kuivila*, No. 10-cv-01504 (N.D. Ohio July 7, 2010). On November 18, 2010, the parties stipulated to voluntary dismissal of the case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Notice of Stipulated Dismissal, *Billock v. Kuivila*, No. 10-cv-01504 (N.D. Ohio Nov. 18, 2010).

On November 4, 2011, Plaintiff commenced this action by filing a complaint asserting the same claims against the same three defendants. (Doc. No. 1.) The City and the Police Department moved jointly to dismiss for failure to state a claim (Doc. No. 8), as did Chief Kuivila in a separate motion (Doc. No. 9). While both motions were

---

[2] Plaintiff states earlier in his amended complaint that he worked for the Trumbull County Sheriff's Office, not the Newton Falls Police Department. (Am. Compl ¶ 1.) It is not known whether the reference to the Newton Falls Police Department is a typographical error or whether there is a relationship between the two entities. Nothing asserted elsewhere in Plaintiff's complaint suggests any sort of prior relationship between them, employer/employee or otherwise.

pending, Plaintiff filed an amended complaint (Doc. No. 11), voluntarily dismissing the City and the Police Department but continuing to assert the same claims against Chief Kuivila, now the sole defendant. On August 10, 2012, Defendant brought the subject motion to strike or, in the alternative, dismiss Plaintiff's amended complaint. (Doc. No. 14.)[3] Plaintiff did not respond to Defendant's motion or seek an extension of time to do so.

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed.R.Civ.P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 44, 47 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

---

[3] The amended complaint presumably was filed in "response" to Defendant's motion to dismiss Plaintiff's first complaint. (Doc. No. 9.) Because Plaintiff failed to seek leave of Court to file his amended complaint, defendant asks the Court to strike it. While defendant makes a valid argument, and striking the amended complaint would be proper, *see, e.g.*, *Nicholson v. City of Westlake*, 20 F. App'x 400, 402 (6th Cir. 2001) (affirming the striking of an amended complaint when it was filed without obtaining leave of court); Fed. R. Civ. P. 15(a), because there is no difference between the two complaints in their legal consequence relative to the allegations leveled against Defendant, for the purposes of deciding this motion, the Court will permit the amended complaint to stand.

4

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds to his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal.* 556 U.S. at 678–79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

A district court cannot grant a motion to dismiss for failure to state a claim simply because the adverse party has not responded. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) (noting the same rule with respect to a motion for summary judgment and "see[ing] no reason why the situation should be different in the context of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)"). The Court will thus examine Plaintiff's amended complaint and evaluate whether the claims therein are sufficiently pleaded under Rule 8.

### III. ANALYSIS

A.     **Plaintiff's § 1983 Malicious Prosecution Claim**

A § 1983 malicious prosecution claim is properly brought under the Fourth Amendment. *Johnson v. Ward*, 43 F. App'x 779, 782 (6th Cir. 2002); *Spurlock v. Satterfield*, 167 F.3d 995, 1006 n.19 (6th Cir. 1999). To prevail on a malicious prosecution claim under § 1983, a plaintiff must show that: (1) a criminal prosecution was initiated against him and that the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) as a consequence of a legal proceeding, he suffered a deprivation of liberty under the Fourth Amendment apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010) (internal quotations and citations omitted). The plaintiff does not have to demonstrate "malice" in order to prevail under § 1983. *Id.* at 309.

Plaintiff has pleaded sufficient facts to establish, and Defendant does not dispute, that the criminal prosecution was resolved in Plaintiff's favor. (Compl. ¶ 13.) Thus, Plaintiff has sufficiently pleaded the fourth element of his § 1983 claim. However, because Plaintiff's amended complaint fails to properly allege the first three required elements of a § 1983 malicious prosecution claim, that claim must be dismissed.

1.     *Plaintiff Has Not Sufficiently Pleaded that Defendant Made, Influenced, or Participated in the Decision to Prosecute Him*

A malicious prosecution case can be made against an investigating officer despite the officer not actually making the decision to prosecute. *Sykes*, 625 F.3d at 311. "To be liable for 'participating' in the decision to prosecute, the officer must participate

6

in a way that aids in the decision, as opposed to passively or neutrally participating." *Id.* at 308 n.5. "It is absolutely clear, however, that an officer will not be deemed to have commenced a criminal proceeding against a person when the claim is predicated on the mere fact that the officer turned over to the prosecution the officer's *truthful* materials." *Id.* at 314 (collecting cases). *See also Anderson v. Amawi*, No. 1:10CV1737, 2010 WL 5067426, at *5 (N.D. Ohio Dec. 6, 2010) (dismissing where the plaintiff alleged a police detective "did wrongfully and unlawfully charge plaintiff with aggravated robbery" because the complaint "include[d] no allegations to illuminate the role [the detective] played in the process to satisfy the requirement of making, influencing or participating in the decision to prosecute"); *Hollis v. Bullard*, No. 10-10729, 2011 WL 5184228, at *5 (E.D. Mich. Nov. 1, 2011) (providing a police report to the prosecutor and being identified as the complaining witness was not enough to establish that an officer aided in the decision to prosecute the plaintiff).

Plaintiff's amended complaint fails to sufficiently assert that Defendant "made, influenced, or participated in" the decision to prosecute him. The amended complaint alleges that Defendant ignored statements from witnesses during his investigation that would have exonerated Plaintiff, but does not identify any of the statements or the witnesses who allegedly uttered them. There are no references to any police report, affidavit, or document of any kind prepared by Defendant and allegedly used in Plaintiff's prosecution. Similarly, Plaintiff alleges that, at the end of Defendant's investigation, Defendant "personally requested" that Plaintiff be charged. The allegation does not name the person to whom the request was made, nor suggest how the alleged

request was operative in effecting Plaintiff's prosecution.[4] Likewise, Plaintiff asserts that he was prosecuted "with the direct influence and assistance" of Defendant without any factual support whatsoever. Indeed, Plaintiff's amended complaint never mentions a prosecutor at all, much less any interaction between the prosecutor and Defendant.

Plaintiff's allegations in support of Defendant's role in his prosecution are precisely the sort of "labels and conclusions," bereft of factual substance, that fall short of stating a claim under *Twombly*.

2. *Plaintiff Has Not Sufficiently Pleaded a Lack of Probable Cause for His Arrest and Prosecution*

"[B]ecause a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution." *Sykes*, 625 F.3d at 308. Probable cause means "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. Ferguson,* 8 F.3d 385, 392 (6th Cir. 1993) (quoting *United States v. Bennett,* 905 F.2d 931, 934 (6th Cir. 1990)). When determining probable cause, the Court examines the totality of the circumstances from the perspective of a reasonable law enforcement officer on the scene. *Klein v. Long*, 275 F.3d 544, 550 (6th Cir. 2001).

An investigating officer may not ignore information known to him that proves a suspect is protected by an affirmative defense. *Fridley v. Horrighs*, 291 F.3d 867, 873 (6th Cir. 2002). However, "[e]ven if the circumstances suggest that a suspect may have an affirmative defense, if a reasonable officer would not 'conclusively know'

---

[4] Even if Plaintiff had averred that the request was made of the prosecutor, that alone would not suffice to establish Defendant's "participation in" the prosecution at this stage. *See Burden v. Paul*, No. 11-6278, 2012 WL 3216453, at *5 (6th Cir. Aug. 8, 2012) (defendant who suggested a charging statute as part of a report to the prosecutor did not "participate in" criminal proceedings).

that the suspect is protected by the defense, then [the officer] is free to arrest the suspect provided there is probable cause to do so." *Id.* Moreover, "[o]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Gumble v. Waterford Twp.*, 171 F. App'x 502, 507 (6th Cir. 2006) (finding probable cause in a malicious prosecution case where a man arrested for shooting and killing his roommate raised claims of self-defense by arguing that armed robbers were in his house).

Noting that Plaintiff did not (and, Defendant claims, could not) allege that Defendant was the arresting officer, Defendant argues that Plaintiff has failed to sufficiently plead a lack of probable cause for Plaintiff's arrest. (Mot. at 63–64.)[5] The relevant probable cause inquiry, however, is whether there was probable cause to arrest *and prosecute* Plaintiff. *Sykes*, 625 F.3d at 310–11 ("In order to distinguish [a malicious prosecution] claim from one of false arrest, we must consider not only whether the Defendants had probable cause to arrest the Plaintiffs but also whether probable cause existed to initiate the criminal proceeding against the Plaintiffs.")

The Court concludes that Plaintiff has failed to sufficiently allege a lack of probable cause for his arrest and prosecution for unlawful discharge of a firearm. Plaintiff freely admits to shooting a gun at a manned vehicle, at night, on a residential street. (*Id.* at ¶¶ 6–7.) Although the Court can only speculate as to the precise elements of the

---

[5] Although initially arguing that the existence of probable cause to arrest Plaintiff was "not relevant to the claim against [Defendant]" (Mot. at 63), ostensibly because Defendant did not himself arrest Plaintiff, Defendant claims two paragraphs later that, because there was probable cause to arrest Plaintiff, "the malicious prosecution claim against [Defendant] fails" (Mot. at 64).

crime for which Plaintiff was prosecuted, given these facts, an officer would have likely had probable cause to arrest and prosecute Plaintiff for unlawfully discharging a firearm.

Although Plaintiff claims that he fired in self-defense because the driver grabbed his arm and attempted to drive away with Plaintiff in tow, this information comes by way of: (1) conclusory allegations that Defendant knew Plaintiff was innocent but recommended he be charged anyway, (2) conclusory references to exonerating information provided by unidentified witnesses that Defendant allegedly ignored in his investigation, and (3) Plaintiff's own self-serving assertions. None of these are well-pleaded factual allegations. *See Fisher v. Dodson*, 451 F. App'x 500, 502 (6th Cir. 2011) (dismissing a malicious prosecution claim because the plaintiff's complaint, contending that the defendants "knowingly ma[de] false claims" in order to create probable cause, contained "mere conclusory allegations"); *see also Rennois v. City of New York*, No. 00-CV-6692, 2003 WL 22427752, at *3 n.1 (E.D.N.Y. Oct. 23, 2003) (dismissing a malicious prosecution claim and noting that, even if the plaintiff could establish that he told arresting officers that he struck a man in self-defense, "the officers would just as solidly have had probable cause to arrest, based upon a self-interested protestation of self-defense and only potentially biased witnesses available to corroborate Plaintiff's explanation").

In sum, the factual assertions in Plaintiff's amended complaint suggest not a lack of probable cause, but an abundance of it, and Plaintiff's conclusory allegations to the contrary cannot state a claim upon which relief can be granted.

3. *Plaintiff Has Not Sufficiently Pleaded That He Suffered a Deprivation of Liberty Apart from His Initial Seizure*

The third required element of a § 1983 malicious prosecution claim is a showing that, "'as a consequence of a legal proceeding,' the plaintiff suffered a 'deprivation of liberty,' as understood in our Fourth Amendment jurisprudence, *apart from the initial seizure*." *Sykes*, 625 F.3d at 308–09 (quoting *Johnson v. Knorr*, 477 F.3d 75, 81 (3d Cir. 2007)) (emphasis added). "Traditionally, [malicious prosecution] claims entail defendants who are detained prior to trial." *Fisher*, 451 F. App'x at 502. *See also Kinlin v. Kline*, No. 1:12 CV 581, 2012 WL 3780461, at *6 (N.D. Ohio Aug. 31, 2012) ("A malicious prosecution claim under § 1983 is actually a Fourth Amendment claim to be free from pretrial detention without probable cause.") (internal quotation omitted).

Recent cases from this district and others within this circuit have ruled that a detention must extend beyond an initial arrest to constitute a sufficient "deprivation of liberty" to support a malicious prosecution claim under § 1983. *See Kinlin*, 2012 WL 3780461, at *6 (plaintiff did not suffer a "deprivation of liberty" when stopped in traffic, arrested, and transported to the patrol station to conduct a breathalyzer); *Ghaster v. City of Rocky River*, 1:11CV1422, 2012 WL 4475553, at *8 (N.D. Ohio July 18, 2012), *adopted*, 1:11CV1422, 2012 WL 4480604 (N.D. Ohio Sept. 26, 2012); *Thomas v. City of Columbus Pub. Safety*, No. 2:10-cv-563, 2011 WL 4711941, at *3 (S.D. Ohio Oct. 5, 2011); *Denard v. Williams*, No. 10-14023, 2011 WL 4374534, at *8 (E.D. Mich. Sept. 20, 2011); *Cf. Amine v. King,* No. 09-13454, 2011 WL 4387229, at *12 (E.D. Mich. Sept. 21, 2011) (distinguishing pretrial release on bond from unconditional pretrial release and finding that release on bond constitutes a sufficient deprivation of liberty to support a

malicious prosecution claim); *Contra Pena v. City of Toledo*, No. 3:10 CV 00344, 2011 WL 4565786, at *7 (N.D. Ohio Sept. 29, 2011) (Armstrong, M.J.) ("Plaintiff suffered a deprivation of liberty when arrested.").

Service with a summons to appear at trial or some other court proceeding does not rise to the level of a constitutional deprivation. *See Briner v. City of Ontario*, No. 1:07CV129, 2011 WL 866464, at *4 (N.D. Ohio Mar. 9, 2011) (finding no "deprivation of liberty" where plaintiff was forced to stand trial and the court granted plaintiff's motion to dismiss following the close of the government's case in chief); *Hopkins v. Sellers*, No. 1:09-cv-304, 2011 WL 2173859, at *9–10 (E.D. Tenn. June 2, 2011) (finding no deprivation where plaintiff was issued a summons and required to appear at an arraignment hearing).

Here, the only relevant remarks in Plaintiff's amended complaint are that "Plaintiff was arrested" (Am. Compl. ¶ 12) and "the case proceeded with a trial to the bench" (*Id.* ¶ 13). Plaintiff does not allege that he was required to post bond, that his travel was restricted, or that any other restriction was placed on him, apart from his initial arrest, that would establish a "deprivation of liberty" sufficient to state a malicious prosecution claim.

Because Plaintiff has not offered well-pleaded factual allegations in support of his assertion that he suffered a deprivation of liberty under the Fourth Amendment, Plaintiff's § 1983 malicious prosecution claim fails.

12

B.  **Plaintiff's State Law Malicious Prosecution Claim**

Under Ohio law, there are three elements to a malicious prosecution claim in a criminal setting: "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Froehlich v. Ohio Dep't of Mental Health*, 871 N.E.2d 1159, 1162 (Ohio 2007) (quoting *Trussell v. Gen. Motors Corp.*, 559 N.E.2d 732, 736 (Ohio 1990)).

As with his § 1983 claim, Plaintiff has made the required showing that his prosecution was terminated in his favor. However, also akin to his § 1983 claim, Plaintiff cannot sufficiently plead the other elements, and, likewise, his state law claim must be dismissed.

1.  *Plaintiff Has Not Sufficiently Pleaded Malice by Defendant in Instituting or Continuing Plaintiff's Prosecution*

"Malice" in this context means "the state of mind under which a person intentionally does a wrongful act without a reasonable lawful excuse and with the intent to inflict injury or other circumstances from which the law will infer an evil intent." *Criss v. Springfield Twp.*, 564 N.E.2d 440, 443 (Ohio 1990). "For purposes of malicious prosecution it means an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice." *Id.* "If the basis for prosecution cannot be shown, those who made the decision will appear to have acted with no basis—that is, maliciously." *Id.* Malice may be inferred from the lack of probable cause. *Harris v. United States*, 422 F.3d 322, 340 (6th Cir. 2005) (citing *Melanowski v. Judy*, 131 N.E. 360, Syllabus ¶ 1 (Ohio 1921)).

13

The Sixth Circuit has noted that "[u]nder Ohio law, police officers will not be held liable for the instigation of criminal proceedings, where they provide the prosecutor with 'a full and fair disclosure of all the material facts as revealed by [their] investigation, including [the accused's] exculpatory statements.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 316–17 (6th Cir. 2005) (quoting *Robbins v. Fry*, 594 N.E.2d 700, 701 (Ohio Ct. App. 1991)); *see also Lentz v. City of Cleveland*, 410 F. Supp.2d 673, 698 (N.D. Ohio 2006). "Once they have done that, in spite of their investigative activities, the officers' status in the prosecution is 'no more than that of witness or informant.'" *Radvansky*, 395 F.3d at 317.

In his amended complaint, Plaintiff accuses Defendant of acting "maliciously and intentionally in a willful, wanton and reckless disregard of the facts and plaintiff's rights." (Am. Compl. ¶ 14.) The only other statements in the amended complaint that could arguably relate to this accusation are allegations that Defendant ignored witness statements allegedly exculpating Plaintiff and requested that Plaintiff be charged with full knowledge that Plaintiff was innocent.

As discussed above with respect to Plaintiff's § 1983 claim, Plaintiff's attempt to plead malice on behalf of Defendant is merely a threadbare recital of an element of Plaintiff's cause of action supported by conclusory statements. These allegations are not entitled to an assumption of truth and cannot, by themselves, state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 663–64.

### 2.  *Plaintiff Has Not Sufficiently Pleaded a Lack of Probable Cause for His Arrest and Prosecution*

For all relevant purposes, the issue of probable cause is the same for Plaintiff's state law claim as with his federal claim. Under Ohio law, "the defendant's conduct must be weighed in view of the facts and circumstances that the defendant knew or should have known at the time of the instigation of the criminal proceedings." *Garza v. Clarion Hotel, Inc.*, 695 N.E.2d 811, 813 (Ohio Ct. App. 1997). The determinative issue "is not whether a particular crime was actually committed, but whether there was a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused was guilty of the offense with which he was charged." *Id.* at 814 (citing *McFinley v. Bethesda Oak Hosp.*, 607 N.E.2d 936, 939 (Ohio Ct. App. 1992)).

Accordingly, Plaintiff fails to sufficiently allege a lack of probable cause, a required element of his state law claim, for the same reasons that he fails to do so with respect to his § 1983 claim.

### C.  **Claims Against Defendant In His Official Capacity**

Plaintiff also brings his claims against Defendant in Defendant's official capacity as Chief of Police of the City of Newton Falls.[6]

A § 1983 action against a city official in his or her official capacity "is treated as an action against the City entity itself." *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). "Under § 1983, a municipality can only be held liable if the

---

[6] Plaintiff voluntarily dismissed his claims against the City and the Police Department by dropping the parties from his Amended Complaint, and thus arguably dismissed his claims against Defendant in his official capacity. However, Plaintiff continues to refer to such claims in both the case heading and prefatory language to his amended complaint, and thus the Court will address them here.

plaintiff demonstrates that the injury suffered was a direct result of the city's official policy or custom." *Slusher v. Carson*, 540 F.3d 449, 456–57 (6th Cir. 2008) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978)).

With respect to Plaintiff's state law claim, the City of Newton Falls is entitled to sovereign immunity. Section 2744.02(B) of the Ohio Revised Code provides a general rule granting immunity to a political subdivision, and Plaintiff has failed to provide any evidence of an exception to this general rule. *Harris v. Sutton*, 918 N.E.2d 181, 183 (Ohio Ct. App. 2009).

In any event, none of the allegations in Plaintiff's amended complaint addresses any alleged policy or custom of Newton Falls. None, in fact, addresses Defendant in his official capacity in any way whatsoever. Accordingly, Plaintiff has failed to state a claim against Defendant in his official capacity upon which relief can be granted, and those claims, to the extent they survive in the amended complaint, must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and Defendant's motion to dismiss Plaintiff's initial complaint and motion to strike Plaintiff's amended complaint are DENIED AS MOOT. "Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits,' and is therefore done with prejudice." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)); Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise […] any dismissal not under

this rule […] operates as an adjudication on the merits.") Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE.

       **IT IS SO ORDERED**.

Dated: February 14, 2013

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**